D\F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

BROOKLYN OFFICE

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

FERMIN SALDANA SANCHEZ,

Plaintiff,

11-CV-4324 (ARR)

-against-

MEMORANDUM
AND ORDER

LIC. RODOLFO HERNANDEZ RAMOS,

Defendant.
----------------------------------------------------------x

ROSS, United States District Judge:

On September 6, 2011, plaintiff Fermin Saldana Sanchez, appearing *pro se*, filed this action

against defendant Ramos. The court grants plaintiff's request to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed for the

reasons set forth below.

## Background

Although not entirely clear, it appears that plaintiff seeks the return of fees he paid to

defendant Ramos, an attorney in Ponce, Puerto Rico, whom he hired to commence bankruptcy

proceedings for him. After moving to New York to take care of his cataracts and glaucoma, plaintiff

sought the return of his money and bankruptcy paperwork. Plaintiff seeks $900 in fees paid plus

$30,000 "for the time and problems" caused by defendant Ramos.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks

and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Moreover, the court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking, . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3); see also, Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001).

## Discussion

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a). Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (quoting Bell v. Hood, 327 U.S. 678, 681-685 (1946)).

Plaintiff has not properly pleaded any basis for the court to exercise federal question jurisdiction. Although plaintiff cites to 28 U.S.C. § 1402 (a)(1), that section does not apply as it is limited to actions against the United States as a defendant. Nor has plaintiff pleaded any basis for the court to exercise diversity jurisdiction because, although he and the defendant are alleged to be diverse in citizenship, plaintiff has failed to plead an amount in controversy in excess of $75,000. See, e.g., Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount

in controversy."); <u>Tongkook Am., Inc. v. Shipton Sportswear Co.</u>, 14 F.3d 781, 784 (2d Cir. 1984) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."). The amount in controversy is $900, and even allowing for the additional $30,000 plaintiff seeks, <u>see</u> Compl. at ¶ IV, it falls far short of the amount necessary to invoke the court's diversity jurisdiction.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: September 14, 2011
Brooklyn, New York

3

SERVICE LIST:

**Plaintiff:**

Fermin Saldana Sanchez
263 South Second Street
Apt. 3B
Brooklyn, NY 11211
347-765-9213/347-564-3908